UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO: _____

Jennifer Prather,

    Plaintiff,

vs.

NCL (Bahamas) Ltd.,
a Bermuda company,
d/b/a Norwegian Cruise Line

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Jennifer Prather, by and through her undersigned counsel, hereby files this lawsuit against Defendant, NCL (Bahamas) Ltd., a Bermuda Company d/b/a Norwegian Cruise Line (hereinafter referred to as "NCL"), and states as follows:

### JURISDICTION, VENUE, & PARTIES

1. This is an action for personal injuries under general maritime law where the subject incident occurred aboard a passenger ship in navigable waters during traditional maritime activity (*i.e.*, a passenger cruise), and jurisdiction over this claim is founded upon 28 U.S.C. §1333(1).

2. Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) as this an action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and it is between a citizen of a state and a foreign corporation.

3. At all times material, Plaintiff was and is a U.S. citizen and resident of Florida.

1

4. At all times material, NCL was and is a foreign corporation organized under the laws of Bermuda.

5. At all times material, NCL has its principal place of business in Miami-Dade County, Florida.

6. This action is being filed in this Court due to the Norwegian Cruise Line Guest Ticket Contract, unilaterally drafted by NCL, which includes a forum selection clause requiring that such suits be commenced, filed, and litigated before this Court.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) as NCL maintains its principle place of business in this district and is engaged in and doing business in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

9. NCL is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States and the world. NCL derives substantial revenues from cruises originating and terminating in various ports throughout the United States.

10. At all times material hereto, NCL was the operator, owner, owner *pro hac vice* and/or charterer of the vessel *Norwegian Sky*, a commercial passenger cruise ship.

11. NCL has reasonable duty of care under the circumstances to provide and otherwise maintain its floors in a safe condition, especially the floors in high-traffic public restrooms.

12. NCL knows that the public restrooms adjacent to the casino (hereafter referred to as "casino bathrooms") on all of its ships are high traffic areas. For this

2

reason, NCL knows that it is extremely important to inspect, clean, dry, and otherwise maintain them in a safe condition due to the significant amount of passenger traffic. Therefore, NCL has a duty of care that includes inspecting and cleaning up water and/or dangerous substances on the floor in casino bathrooms on a regular basis.

13.  On or about May 7, 2018, NCL owned, operated, managed, maintained, supervised, chartered, and/or controlled the vessel *Norwegian Sky.*

14.  On or about May 7, 2018, Plaintiff was a fare-paying passenger aboard NCL's vessel, *Norwegian Sky.*

15.  On or about May 7, 2018, Plaintiff walked into a public women's restroom near the casino on the *Norwegian Sky* at a normal pace, and an unreasonably dangerous wet substance on the floor caused her to slip and fall.

16.  A toilet in the restroom was overflowing.

17.  NCL chose not to place warning signs in or around the casino bathroom to warn its passengers, including and especially Plaintiff, of the dangerous conditions.

18.  NCL knew or should have known of the dangerous and slippery condition existing in the casino bathroom on May 7, 2018 for several reasons. First, NCL operates many casinos onboard its other ships and NCL knows that passengers frequently traverse these bathrooms causing water, toilet overflows, soap, spilled beverages, and other dangerously slippery substances to accumulate on the floor. NCL knows that this accumulation results in the build-up of slick conditions on the floor, especially in high-traffic public restrooms such as these. Thus, NCL knows that if these areas are not regularly inspected and maintained it can result in dangerous conditions on the floor. Second, NCL knows from prior similar incidents on the flooring featured in the casino bathroom that this type of flooring becomes unreasonably slick when wet and causes

people to fall. NCL knows this because of regular water and soap accumulation, beverage spills, and toilet overflows result in repetitive slick conditions on the floor. Third, NCL inspects and cleans the area. From that inspection and cleaning, NCL knows that water and soap accumulation, beverage spills, and toilet overflows occur on a regular basis creating a hazard for anyone walking into the bathroom.

19. NCL either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

20. NCL created, participated in, and/or approved the negligent design of the bathroom floor and toilet plumbing and/or black and grey water system.

21. NCL had constructive knowledge of the dangerous condition by, *inter alia*, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed in a high-traffic public restroom near the casino and was apparent by any NCL employee entering or inspecting the bathroom; and/or (c) the fact that the dangerous condition, a similarly dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care NCL should have known about it.

22. In the alternative, notice to NCL is not required because NCL: (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operation. Therefore, no notice to NCL is required.

23. The dangerous conditions were not apparent, open or obvious to Plaintiff through the ordinary use of her senses.

24. Plaintiff promptly reported the incident to NCL.

4

25. As a result of her fall, Plaintiff suffered serious and permanent injuries to her right knee, including but not limited to cartilage fibrillation, a hematoma, chondromalacia, a contusion, and patellofemoral syndrome.

26. As a result of her serious and permanent injuries, Plaintiff underwent extensive medical treatment, including but not limited to treatment in the ship's medical center, diagnostic imaging, orthopedic treatment, injections, neural blockades, and nerve cauterization.

### **COUNT I - NEGLIGENCE CLAIM AGAINST DEFENDANT NCL**

Plaintiff re-alleges and adopts paragraphs one (1) through twenty-six (26) above and further avers:

27. At all times material, and in particular on or about May 7, 2018, NCL owed to its passengers, and in particular to Plaintiff, the duty to exercise reasonable care to maintain and operate its vessel *Norwegian Sky* in a reasonably safe condition.

28. At all times material, and in particular on or about May 7, 2018, NCL owed to its passengers, and in particular to Plaintiff, the duty to warn of dangerous conditions it knew or should have known of.

29. At all times material, NCL through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with NCL, breached the duty of reasonable care owed to Plaintiff and was negligent in one or more of the following ways:

    a. Failing to keep and maintain the subject bathroom in a reasonably safe condition;

    b. Failing to inspect and maintain the subject bathroom floor in a reasonably safe condition;

    c. Failing to maintain the toilets, plumbing system, and/or black and grey water system in a reasonably safe condition;

    d. Failing to design and/or construct the subject bathroom in a reasonably safe manner;

    e. Failing to exercise reasonable care in the selection of flooring materials on the subject vessel;

    f. Failing to provide and/or ensure a reasonably slip-resistant floor;

    g. Allowing an unreasonably dangerous bathroom to remain on the vessel;

    h. Allowing an unreasonably dangerous toilet, plumbing system, and/or black and grey water system to remain on the vessel;

    i. Failing to warn Plaintiff of an unreasonably dangerous condition in the subject bathroom;

    j. Failing to comply with applicable statutes, codes, ordinances, and standards relating to the subject flooring and toilet;

    k. Failing to prevent the subject bathroom floor from becoming dangerously wet;

    l. Failing to adopt and implement adequate policies and procedures for the inspection, cleaning, and maintenance of the subject bathroom;

    m. Failing to abide by its own policies and procedures pertaining to the inspection and maintenance of the subject bathroom; and/or

    n. All other negligent acts and/or omissions revealed through discovery.

30. Defendant created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

31. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff sustained and will continue to sustain serious and permanent injuries requiring medical treatment, past and future pain and suffering, disability, disfigurement, past and future mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, the loss of past wages, the loss of future earning capacity, and has incurred medical expenses in the past and will incur medical expenses in the future.

WHEREFORE, Plaintiff, Jennifer Prather, demands judgment against Defendant, NCL, for damages in excess of the minimal jurisdictional limits of this Court for the injuries described herein, as well as post-judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable.

**Dated this 7th day of May, 2019.**

Respectfully submitted,

By: _____
**Jason D. Weisser, Esq.**
Fla. Bar No.: 101435
Email: jweisser@shw-law.com
**Eric C. Hayden, Esq.**
Fla. Bar No.: 100923
Email: ehayden@shw-law.com
**Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.**
1615 Forum Place, Suite 4D
West Palm Beach, Florida 33401
Telephone:  (561) 689-8180
Facsimile:  (561) 684-9683
*Attorneys for Plaintiff*