UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-21832-CIV-MORENO**

JENNIFER PRATHER,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD.,

      Defendant.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION, AND
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion for Summary Judgment. After reviewing the moving papers, the evidence, and holding a hearing, Magistrate Judge Louis issued a Report and Recommendation that recommends granting Defendant's Motion for Summary Judgment. Plaintiff timely objected to the Report and Recommendation, and Defendant timely responded to those objections.

The Court has reviewed the entire file, the record, and the issues raised in the Objections. For the reasons explained below, it is

**ADJUDGED** that Plaintiff's Objections **(D.E. 92)** are **OVERRULED**, the Report and Recommendation **(D.E. 90)** is **AFFIRMED** and **ADOPTED**, and Defendant's Motion for Summary Judgment **(D.E. 53)** is **GRANTED**.

## I. BACKGROUND

In this cruise line negligence case, Plaintiff Jennifer Prather seeks damages for injuries that she suffered to her knee after she slipped and fell on a wet substance in a restroom while she was a passenger aboard Defendant NCL Bahamas Ltd.'s *Norwegian Sky* cruise ship. Prather's legal theory is that NCL was negligent in, among several other reasons, failing to clean up the wet substance on the restroom floor where she slipped and fell. She believes that the wet substance on the restroom floor was water that overflowed from a clogged toilet.

After discovery closed, NCL moved for summary judgment. It argued that no reasonable jury could find on the record evidence that NCL had actual or constructive notice of the wet substance on the restroom floor. Prather countered that NCL had constructive notice because: (1) the restroom floor was slippery for such a significant period of time that NCL could have taken corrective action; (2) NCL had notice of similar prior incidents of clogged toilets overflowing onto restroom floors; and (3) NCL failed to inspect the restroom every 30 minutes as required by its Restroom Inspection Policy.

After reviewing the briefs, the evidence, and holding a hearing on NCL's motion for summary judgment and the parties' motions *in limine*, Magistrate Judge Louis finds that Prather fails to adduce evidence that NCL had actual or constructive notice of the alleged wet substance on the restroom floor. And concluding that there is no genuine issue of material fact for a jury to decide, Magistrate Judge Louis recommends that this Court grant summary judgment for NCL.

## II. STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). After a magistrate judge issues a report and recommendation under § 636(b), a party

wishing to preserve its objections "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). "The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added).

That said, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1323 (S.D. Fla. 2017) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Put differently, objections that are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge are "not entitled to *de novo* review." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (citation omitted). These kinds of objections are instead reviewed for clear error. *See Andreasen*, 276 F. Supp. 3d at 1323 (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)). And this review is warranted because "parties are not to be afforded a 'second bite at the apple'" when they file objections to a Report and Recommendation. *Organizacion Miss Am. Latina, Inc. v. Ramirez Urquidi*, No. 16-CV-22225, 2018 WL 4777167, at *1 (S.D. Fla. Sept. 27, 2018) (citation omitted).

### III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the movant does so, then the burden shifts to the non-moving party to demonstrate that there is a material issue of fact that precludes summary judgment. *Id.* A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (citation omitted). The opposing party must present more than "a mere scintilla of evidence" to show "that the jury could reasonably find for that party." *Abbes v. Embraer Servs., Inc.*, 195 F. App'x 898, 899–900 (11th Cir. 2006) (internal quotations and citation omitted). Finally, the Court must view all facts and resolve all doubts in favor of the non-moving party. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (citation omitted).

## IV. DISCUSSION

The Objections closely track the arguments in Prather's Opposition memorandum to NCL's Motion for Summary Judgment. (*See generally* D.E. 61; D.E. 92.) Like her Opposition memorandum, Prather argues in her Objections that NCL fails to establish the absence of a genuine issue of material fact as to NCL's constructive notice based on both NCL's knowledge of prior incidents and the significant amount of time that the wet substance was on the restroom floor. Also like her Opposition, Prather argues that NCL's failure to follow its Restroom Inspection Policy means that she need not prove that NCL had notice. NCL urges the Court to overrule these objections. The Court address the Objections in turn.

### A. Length of Time

Prather's first objection is that a reasonable fact finder could find that the wet substance on the restroom floor was there for such a significant period of time that NCL could have discovered

it through reasonable inspection. She argues that as little as 15 to 20 minutes was enough time to put NCL on constructive notice of the wet substance in the restroom. (D.E. 92 at 5–6 (citing *Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1193 (S.D. Fla. 2016).)

Prather's reliance on *Thomas* is misplaced. She correctly notes that the CCTV footage in *Thomas* did not show anyone or anything create a puddle during the 15 minutes preceding the plaintiff's slip and fall on the deck. *See Thomas*, 203 F. Supp. 3d at 1191–92. But unlike here, the CCTV footage in *Thomas* showed an employee cleaning the area of the deck where the plaintiff slipped and fell just five minutes before the accident happened. *See id.* And also unlike here, the employee—who had a firsthand account of the area where the accident occurred—testified that there was no puddle on the deck. *See id.* This evidence was juxtaposed against the plaintiff's testimony that he had a gooey substance on his legs and clothes after his fall. *See id.* And so, presented with evidence affirmatively showing that the plaintiff had a gooey substance on his legs and clothes after falling, and that an employee cleaned the area where the accident occurred, as well as the plaintiff's and the employee's conflicting deposition testimony as to the existence of the alleged puddle, *see id.*, Judge Williams correctly ruled that the plaintiff presented evidence that created a genuine issue of material fact as to constructive notice, *id.* at 1193.

The affirmative evidence in *Thomas* was central to Judge Williams's ruling. The following year, Judge Williams granted summary judgment to the same defendant on a negligent maintenance claim in another slip and fall case. *See Guevara v. NCL (Bahamas) Ltd.*, No. 15-24294-CIV, 2017 WL 6597981, at *7–8 (S.D. Fla. Sept. 29, 2017).[1] In doing so, Judge Williams

---

[1] Although the Eleventh Circuit reversed summary judgment for NCL on the plaintiff's failure to warn claim, it affirmed summary judgment for NCL on the plaintiff's negligent maintenance claim. *See Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 723 (11th Cir. 2019). The Eleventh Circuit specifically found that the plaintiff "failed to adduce evidence proving that NCL had actual or constructive notice that the subject lightbulb was out on the night that [he] fell," and thus ruled that the plaintiff "failed to create a triable issue of fact on whether NCL had notice of the allegedly dangerous condition posed by the unilluminated lightbulb." *Id.*

distinguished *Thomas* specifically because the plaintiff there presented "affirmative evidence that the gooey puddle causing him to slip had existed for at least fifteen minutes," whereas the plaintiff in *Guevara* "provide[d] nothing but speculation regarding when the light went out." *Id.* at *6 n.9. Because Prather does not present any evidence affirmatively showing how long the wet substance was on the restroom floor, this case is more akin to *Guevara* than *Thomas*. *See id.* at *6–8 (granting summary judgment to defendant where the plaintiff did not present "any evidence that NCL had notice (actual or constructive) that the pedestal light was off" and thus "failed to create a triable issue of fact").

"Simply put, [Prather] cannot identify when the liquid presented itself." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1013 (11th Cir. 2019). And this dooms her case. *See, e.g.*, *id.* (affirming summary judgment for the defendant where the plaintiff admitted that she did not know how or when the liquid got on the floor and conceded that the CCTV footage did not actually show any liquid on the floor); *Gordon v. NCL (Bahamas) Ltd.*, No. 18-CV-22334-KMM, 2019 WL 1724140, at *5 (S.D. Fla. Apr. 15, 2019) (granting summary judgment to the defendant where the record was "devoid of evidence that it rained at all during the cruise, and devoid of facts that any NCL employee saw, or had reason to know of, any wetness on the Subject Stairs prior to the incident"); *Wish v. MSC Crociere S.A.*, No. 07-60980-CIV, 2008 WL 5137149, at *2 (S.D. Fla. Nov. 24, 2008) (granting judgment to the defendant after a bench trial where there was "simply no evidence showing that the rainwater had been sitting on the pool deck for an unreasonable amount of time or that Defendant knew there was rainwater on the deck and acted negligently in failing to remove it"); *see also Guevara*, 2017 WL 6597981, at *7–8.

Prather also objects that Magistrate Judge Louis "erred by usurping the role of the jury and interpreting the CCTV evidence." (D.E. 92 at 6.) This objection twists and warps the analysis in

the Report and Recommendation. Magistrate Judge Louis did not weigh conflicting evidence, make credibility determinations, and then suggest that this Court rule in favor of the more persuasive version of the facts. Instead, she reviewed the record evidence as Rule 56 required her to do. She observed, as the CCTV footage shows, that "NCL employees are not shown entering for cleaning or inspection" and that "[o]ther guests are seen entering and departing the restroom entrance, without appearing wet, or in distress, or reacting in any manner consistent with having encountered a significant amount of water on the floor." (D.E. 90 at 12.) From this, she concluded that there is no genuine issue of material fact for the jury to resolve because "[t]he *evidence advanced [was] insufficient* to support a reasonable inference that the wet substance had been on the restroom floor for a significant amount of time." *Id.* at 10–11. And because NCL can "meet its burden to show that there are no genuine issues of material fact by demonstrating that there is a lack of evidence to support the essential elements that [Prather] must prove at trial," *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (citing *Celotex Corp.*, 477 U.S. at 322–23), a recommendation that this Court grant summary judgment to NCL does not steal any questions of fact away from a jury.

Prather insists that the wet substance on the restroom floor collected over time and thus NCL was on constructive notice. But that is speculation, not evidence. As Judge Williams explained in *Guevara*, just "because the possibility that the light *could* have been out for approximately four hours is not evidence of when the light *actually* went out." *Guevara*, 2017 WL 6597981, at *6 (emphasis in original). Likewise here, the possibility that the wet substance *could* have collected over a period of time long enough to put NCL on constructive notice is not evidence of how long the wet substance was *actually* there. As discussed above and in the Report and Recommendation, there is simply no record evidence showing how long the wet substance

was on the restroom floor. For all these reasons, the first objection is overruled.

### B. Prior Incidents

Prather's second objection, which has a few subparts, is that a reasonable fact finder could find that NCL was on constructive notice of the wet substance on the restroom floor based on its knowledge of prior incidents of clogged toilets.

Prather first objects to the standard applied in the Report and Recommendation to determine whether the evidence of 9 prior incidents served as constructive notice to NCL. Without more, Prather presses that the "standard to be used in determining whether a prior incident comes in for notice is a relaxed substantial similarity standard." (D.E. 92 at 8 (citing *Ree v. Royal Caribbean Cruises Ltd.*, 315 F.R.D. 682, 686 (S.D. Fla. 2016) (citing *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1191 (10th Cir. 2009))).)

This objection misses the mark. Unlike the court in *Ree*, Magistrate Judge Louis did not apply the Tenth Circuit's version of the substantial similarly test. Nor did she apply some rigid, mechanical version of the test. Instead, she followed the Eleventh Circuit. And the Eleventh Circuit "does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." (D.E. 90 at 12 (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015).)

Following this standard, Magistrate Judge Louis found that "[n]one of the 9 incidents were reported to have caused wet substances on the floor or injuries to passengers, and thus [were] not sufficiently similar to the circumstances surrounding [Prather's] accident to impute notice on [NCL]." (D.E. 90 at 13.) She also found that "NCL's testimony acknowledging that clogged toilets *could* lead to water on the floor [was] insufficient to prove that NCL should have known, prior to [Prather's] accident, that the toilets were clogging *and overflowing*" such that they were

causing a dangerous condition that NCL had an opportunity to correct. *Id.* (emphasis in original). And then, Magistrate Judge Louis found that the prior incident offered as evidence by Prather was an "isolated instance," that occurred ten months before Prather's accident, "in a different restroom[,] and as a result of a different toilet." *Id.* at 14. She thus concluded that there was "insufficient evidence" to impute constructive notice on NCL. *See id.* In short, the Court finds no error, clear or otherwise, with Magistrate Judge Louis's application of the Eleventh Circuit's substantial similarity test.

Prather then objects that Magistrate Judge Louis erred and usurped the role of the jury again, this time by determining that a prior incident of a passenger slipping and failing due to water from an overflowing toilet did not occur with enough frequency to impute constructive notice. (D.E. 92 at 8 (citing *Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583966, at *2 (S.D. Fla. Aug. 16, 2013).) Prather insists that frequency is not an element of the substantial similarity test. *Id.* On this point, she is correct. *See Whelan*, 2013 WL 5583966, at *2 (citations omitted). But then she incorrectly conflates the substantial similarity test—a test for the admissibility of evidence, *see id.*—with the ways that she can prove constructive notice.

Once evidence of a prior incident is allowed, that evidence can be used to support the argument that constructive notice should be imputed on a defendant. *See Peer v. Home Depot U.S.A., Inc.*, No. 2:11-CV-14356, 2012 WL 1453573, at *3 (S.D. Fla. Apr. 26, 2012) (noting that a plaintiff "can establish constructive notice if the condition occurs with regularity and thus is foreseeable") (citing *Scott v. Fla. Supermarkets. Inc.*, 580 So. 2d 312 (Fla 3rd DCA 1991)). And here, as noted above, Magistrate Judge Louis found that the prior incident offered as evidence by Prather was an isolated instance, that occurred ten months before Prather's accident, in a different restroom, and as a result of a different toilet. *See supra.* And so Magistrate Judge Louis concluded

that there was "insufficient evidence" to impute constructive notice on NCL. *See id.* Contrary to Prather's suggestion, this is the kind of finding that courts routinely make at summary judgment. *See Sorrels*, 796 F.3d at 1287–88 (affirming district court's ruling that 22 prior incidents were not substantially similar to impute notice because "none of them occurred where [the plaintiff] fell," the liquids at issue differed, the passengers' shoes differed, and some incidents involved other factors such as playing and chasing); *LeRoux v. NCL (Bahamas), Ltd.*, No. 15-23095-CIV, 2017 WL 10410815, at *5 (S.D. Fla. July 31, 2017) (granting summary judgment for defendant and finding that prior incidents were not substantially similar to impute notice because, among other reasons, there was "no evidence that the[] two incidents occurred where Plaintiff fell" or evidence establishing whether the other passenger's foot also got stuck on the threshold, what time of day it was, whether he was under the influence of drugs or alcohol, or "any other particularized information"). And so, the Court finds once more that Magistrate Judge Louis's recommendation does not strip away any question of fact from a jury.

Next, Prather argues that Magistrate Judge Louis failed to consider two substantially similar prior incidents that occurred on the *Norwegian Sun*, a sister vessel to the *Norwegian Sky*. (*See* D.E. 92 at 9.) This argument scrambles up the record. It is true that Magistrate Judge Louis did not consider these prior incidents in her summary judgment analysis. But that is because this evidence was *excluded* during the hearing on NCL's motion for summary judgment and the parties' motions *in limine*. (*See* D.E. 91 at 1, 6–7.) In a written order memorializing her ruling from the bench, Magistrate Judge Louis excluded these two prior incidents on the *Norwegian Sun* because they were not substantially similar to Prather's case. *See id.* at 6–7 (noting that both incidents occurred two years before Prather's incident, that the first incident "occurred outside of the public restroom and did not involve an overflowing toilet or a slippery bathroom floor," and

...
...

that the second incident involved a passenger who reported that "she was intoxicated and slipped" but provided "no indication that her slip resulted from water which had overflowed from a clogged toilet"). Magistrate Judge Louis thus had no reason to consider this evidence in preparing her Report and Recommendation. And to the extent that Prather still disagrees with the evidentiary ruling, it is a ruling that she must accept: she did not appeal it to this Court and her time to do so expired. Thus, there is no legal basis for this Court to revisit that (legally sound) evidentiary ruling.

Finally, the Court notes that although Prather styles all of her contentions as "objections," aside from the objections addressed above, the rest of her arguments are simply copied *verbatim* from her previously filed Opposition memorandum. (*Compare* D.E. 92 at 6–7, 9, *with* D.E. 61 at 11–12, 19.) Because the rest of her second "objection" attempts to rehash or reiterate her original brief to Magistrate Judge Louis, it is not entitled to *de novo* review. *See Marlite, Inc.*, 2012 WL 3614212, at *2. And reviewing these arguments for clear error, the Court finds none. Thus, the second objection is also overruled.

### C. <u>Negligent Maintenance Theory (Restroom Inspection Policy)</u>

Prather's final argument is that she need not prove notice because the evidence shows that NCL negligently maintained the restroom by failing to inspect it every 30 minutes as required by the Restroom Inspection Policy. (*See* D.E. 92 at 10.) Like her previous "objection," nearly all of the argument is copied *verbatim* from her Opposition. (*Compare* D.E. 92 at 10–12, *with* D.E. 61 at 12–15.) Same as before, then, because she attempts to rehash her original brief, Prather's third objection is not entitled to *de novo* review. *Marlite, Inc.*, 2012 WL 3614212, at *2.

Reviewing the objection for clear error, the Court finds none. Magistrate Judge Louis fully considered Prather's argument and—citing other cases that rejected that argument—found Prather's version equally unavailing. (*See* D.E. 90 at 17–18 (citing *Everett v. Carnival Cruise*

- 11 -

*Lines*, 912 F.2d 1355, 1358–59 (11th Cir. 1990) (ruling the district court erroneously instructed the jury that a cruise ship operator could be liable for negligence without actual or constructive notice as long as it "negligently created or maintained its premises"); *Yusko v. NCL (Bahamas) Ltd.*, 424 F. Supp. 3d 1231, 1237 (S.D. Fla. 2020) ("[A]ctual or constructive notice of the risk-creating condition is a prerequisite to imposing liability, regardless of a defendant's creation of the risk-creating condition.") (collecting Eleventh Circuit cases)).) At the tail end of her objection, Prather argues that Magistrate Judge Louis's reliance on these cases is "misplaced." (D.E. 92 at 12.) But Prather does not elaborate any further. And this Court will not dabble in guesswork.

Finding no clear error in Magistrate Judge Louis's well-reasoned analysis, the final objection is also overruled.

## CONCLUSION

Prather's case is built upon assumptions. She assumes that the wet substance came from a clogged toilet. She assumes that the wet substance must have been on the restroom floor for a significant period of time. And she assumes that other passengers leaving the restroom (without any indication of a wet substance on the floor) proves that the floor was wet for a significant period of time. The bottom line is this: concluding that NCL had constructive notice of the wet substance on the restroom floor would "require drawing a series of impermissible inferences that are unsupported by the record." *Palavicini*, 787 F. App'x at 1014 (citing *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982)). This the Court cannot do.

For all these reasons, it is

**ADJUDGED** that Prather's Objections **(D.E. 92)** are **OVERRULED**, the Report and Recommendation **(D.E. 90)** is **AFFIRMED** and **ADOPTED**, and Defendant's Motion for Summary Judgment **(D.E. 53)** is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st of July 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record